UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                      CRIMINAL ACTION

VERSUS                                        NO. 13-127

JB TAX PROFESSIONAL                           SECTION "C" (2)
SERVICES, INC. ET AL.

## ORDER AND REASONS ON MOTION

The Motion of Defendant Jacqueline Arias to Compel Discovery and for an Order Requiring the Government to Produce Exculpatory Material, etc., Record Doc. No. 390, is pending before me. The government failed to file a timely memorandum in opposition to this motion, as required by Local Crim. R. 12. Defendant then supplemented her motion, Record Doc. Nos. 405, 410-11. The government then filed a late motion for leave to file an untimely opposition memorandum, which I have reluctantly permitted. Record Doc. Nos. 407, 412-13.

As an initial matter, Hayden Brockett and Kevin Lombardi, "Trial Attorneys of the Department of Justice Tax Division," are hereby ordered to read the Local Criminal Rules of this court and to comply with them in the future, failing which they will be sanctioned.

Having considered the record, the applicable law and the written submissions of counsel, defendant's motion is GRANTED IN PART AND DENIED IN PART as follows:

Although styled as a "Brady . . . Giglio" request, some of what defendant seeks

extends beyond such material, so that the motion is subject to two interrelated legal

standards.  First, the government's obligation to produce to the defendant all favorable,

exculpatory and impeachment materials under Brady v. Maryland, 373 U.S. 83 (1963),

and Giglio v. United States, 405 U.S. 150 (1972), is so well established and absolute that

no description of those obligations is necessary here.  It suffices to reiterate the

importance of the court's previous order to produce such materials, Record Doc. No. 292,

that it remains in effect, and that the government must comply.

As to any additional materials beyond what Brady and Giglio require the

government to disclose, a defendant in a criminal case may obtain this kind of discovery

only if the requested "item is material to preparing the defense."  Fed. R. Crim. P.

16(a)(1)(E)(i) (emphasis added).  A criminal defendant bears the burden of showing

"some indication that pretrial disclosure of the disputed evidence would have enabled the

defendant significantly to alter the quantum of proof in his favor."  United States v. Ross,

511 F.2d 757, 763 (5th Cir. 1975) (emphasis added); accord United States v. Dobbins,

482 F. App'x 35, 41 (6th Cir. 2012); United States v. Caro, 597 F.3d 608, 621 (4th Cir.

2010); United States v. Jordan, 316 F.3d 1215, 1251 (11th Cir. 2003).  Mere "abstract

logical relationship to the issues in the case" is insufficient to require production.  Ross,

511 F.2d at 762.  Evidence is considered material only "'as long as there is a strong

indication that it will play an important role in uncovering admissible evidence, aiding

witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" Caro, 597 F.3d at 621 (quoting United States v. Lloyd, 992 F.2d 348, 351 (D.C. Cir. 1993)); accord United States v. Clingman, 521 F. App'x 386, 392 (6th Cir. 2013); United States v. Gladdis, 877 F.2d 605, 611 (7th Cir. 1989).

It is self-evident that Brady and/or Giglio items are "material to preparing the defense," and that the government's obligation to disclose such materials to defendant extends to that which "is within the government's possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(E). Materials are clearly "within the government's possession, custody, or control" when the prosecutor has actually reviewed them or they are within his own file. Materials "within the government's possession, custody, or control" extend beyond what the prosecutor has, or has seen, but not infinitely. For purposes of Rule 16, government possession, custody, or control extends to materials in the possession of another federal – or even state – agency when the prosecutor is engaged in a joint investigation with that other agency or when the other agency is so closely aligned with the prosecution as to be considered part of the prosecution team or has contributed significantly to the investigation or prosecution. United States v. Villa, No. 3:12cr40, 2014 WL 280400, at *3 (D. Conn. Jan. 24, 2014) (citing United States v. Gupta, 848 F. Supp. 2d 491, 493 (S.D.N.Y. 2012); United States v. Finnerty, 411 F. Supp. 2d 428, 432 (S.D.N.Y. 2006)); United States v. Libby, 429 F. Supp. 2d 1, 6 (D.D.C. 2006) (citing United States v. Brooks, 966 F.2d 1500, 1503 (D.C. Cir. 1992); United States v. Fairman,

769 F.2d 386, 391 (7th Cir. 1985)); <u>Finnerty</u>, 411 F. Supp. 2d at 432 (citing <u>United States v. Chalmers</u>, 410 F. Supp. 2d 278, 290 (S.D.N.Y. 2006); <u>United States v. Holihan</u>, 236 F. Supp. 2d 255, 260 (W.D.N.Y. 2002); <u>United States v. Volpe</u>, 42 F. Supp. 2d 204, 221 (E.D.N.Y. 1999); <u>United States v. Upton</u>, 856 F. Supp. 727, 749-50 (E.D.N.Y. 1994)); <u>United States v. Giffen</u>, 379 F. Supp. 2d 337, 342-43 (S.D.N.Y. 2004) (citing <u>United States v. Trevino</u>, 556 F.2d 1265, 1272 (5th Cir. 1977)).

However, Rule 16 does not limit the phrase "possession and control" to only those files of agencies that participated in the investigation.  Rather, "'the scope of the government's obligation to produce documents under Rule 16 turn[s] on the extent to which the prosecutor has knowledge of and access to the documents.'"  <u>Libby</u>, 429 F. Supp. 2d at 6 (quoting <u>United States v. Santiago</u>, 46 F.3d 885, 894 (9th Cir. 1995)) (internal quotation omitted); <u>see also</u> <u>Trevino</u>, 556 F.2d at 1272 (A prosecutor is not "allowed to avoid disclosure of evidence by the simple expedient of leaving relevant evidence to repose in the hands of another agency while utilizing his access to it in preparing his case for trial.").

Applying the foregoing standards, I find that all of the materials sought in defendant's motion identified in these motion papers as Requests Nos. 1-4 and 6-10, Record Doc. Nos. 390-1 at pp. 4-5 and 390-4, seek <u>Brady</u> and/or <u>Giglio</u> materials. While the government avers generally that it has complied with its <u>Brady</u> and <u>Giglio</u> obligations,  its responses to defendant's Requests Nos. 1-4, 6, 7 and 10, Record Doc.

No. 413 at pp. 8-11, are unduly vague or otherwise provide insufficient assurance that

the government has disclosed all such materials in its possession, custody or control as

required by the standards outlined above.

For example, the vague reference to "[t]he prosecution team" [whomever that may

be] in response to Request No. 3 does not establish that all appropriate agencies' files

have been accessed.  The response to Request No. 1 identifies only Internal Revenue

Service records specifically, while ambiguously also referencing "inquiries into third-

party databases," without saying whose or indicating that Homeland Security Department

files have also been examined.  Similarly,  the response to Request No. 4 references only

"ICE databases."   A clear and complete response would state whether or not other

reasonably accessible "prosecution team" agency databases might contain materials

responsive to this request and whether they also have been reviewed.  The government's

hyperbolic misinterpretation of Request No. 4 as seeking "that the government initiate

a separate international criminal investigation," Record Doc. No. 413 at p. 3, is

particularly disingenuous, when in fact all that has been requested is a duly diligent

search of relevant government files for <u>Brady</u> and/or <u>Giglio</u> materials.  These current

responses are not clear statements that <u>all</u> responsive materials in the government's

possession, custody or control have been produced.  Even the response to Request No.

2, which intimates that the government has no responsive materials in its possession,

custody or control, does not clearly say so.  Similarly, the response to Request No. 6 and

the vague cross-reference in response to Request No. 7, which provides no specific response as to fraudulently obtained driver's licenses, are indications that the government needs a certain deadline by which it clearly assures defendant and the court that it has fulfilled its <u>Brady</u> and <u>Giglio</u> obligations.

Accordingly, the motion is granted in part as follows:  Except to the extent, if any, that Judge Berrigan might revise the following deadline in response to the government's separate motion, Record Doc. Nos. 408 and 419, **IT IS ORDERED** that, no later than **June 18, 2014**, the government must provide supplemental written responses to defendant's Requests Nos. 1, 2, 3, 4, 6, 7 and 10, clearly stating <u>either</u> that all responsive materials in its possession, custody or control have been produced <u>or</u> that no responsive materials are in its possession, custody or control, and more particularly describing what efforts it has made through all appropriate agencies to meet its disclosure obligations.

The motion is denied as to Requests Nos. 8 and 9 because the current responses are sufficient.

The motion is also denied as to Request No. 5 and to defendant's supplemental requests for "policies and procedures of the law enforcement Departments and Agencies involved in this matter relative to the use of informants with [Rivera's] checkered past as informants and to make consensual recordings." Record Doc. No. 411 at p. 2. Defendant has failed to show how materials responsive to these requests could conceivably be <u>Brady</u> and/or <u>Giglio</u> items and has failed to bear her burden of

demonstrating how such materials might be material to her defense or may alter the quantum of proof in her favor.

New Orleans, Louisiana, this ____4th____ day of June, 2014.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. GINGER BERRIGAN**