## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL DOCKET** |
| **VERSUS** | **NO.  13-127** |
| **JACQUELINE ARIAS** | **SECTION: "E"** |

### ORDER AND REASONS

On July 8, 2014, Defendant Jacqueline Arias pleaded guilty to Counts One, Fourteen through Nineteen and Twenty-One of the Superseding Indictment in which she was charged with conspiracy to defraud the United States and to Commit Mail Fraud and Wire Fraud in violation of 18 U.S.C. § 371, mail fraud in violation of 18 U.S.C. § 1341, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). [1] On November 19, 2014, Arias was sentenced to serve sixty months as to Count 1 and ninety-seven months as to each of Counts Fourteen through Nineteen and Count Twenty-One to be served concurrently. [2] Following her sentencing, Defendant filed a motion for reconsideration or alternatively to correct or reduce sentence. [3] On December 17, 2014, the Court heard oral argument and denied Defendant's motion for reconsideration. [4] On October 28, 2016, Defendant, *pro se*, filed a second motion for reconsideration. [5] The Government opposes this motion. [6]

---

[1] R. Doc. 472.
[2] R. Doc. 749.
[3] R. Doc. 754.
[4] R. Doc. 767.
[5] R. Doc. 865. Defendant's counsel has also filed a supplement to her *pro se* motion, which consists entirely of documents already in the record and considered by Judge Berrigan at sentencing. R. Doc. 867.
[6] R. Doc. 868.

In her motion, Defendant requests a reduction of her sentence pursuant to 18 U.S.C. § 3742(e).[7] As the Government correctly identifies, 18 U.S.C. § 3742(e) applies only to review of a sentence on direct appeal.[8] Since the deadline to appeal under the Federal Rules of Appellate Procedure has passed, 18 U.S.C. § 3742(e) is inapplicable to this case.[9] In addition, pursuant to the terms of her plea agreement, Arias waived her right to "appeal or contest . . . her sentence . . . including but not limited to any right to appeal . . . any aspect of her sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742."[10]

The Government correctly identifies Defendant's motion for reconsideration pursuant to 18 U.S.C. § 3742 as a motion seeking a modification of her sentence pursuant to 18 U.S.C. § 3582.[11] As the Fifth Circuit has explained, a district court does not possess the authority to modify an imposed term of imprisonment unless one of the reasons stated in 18 U.S.C. § 3582(c) applies.[12] Section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except" when (1) the Bureau of Prisons files a motion to reduce the term of imprisonment on the basis of extraordinary and compelling reasons or due to the defendant's age; (2) Fed. R. Crim. P. 35 so permits; or (3) in the case where the sentencing range has subsequently been amended by the Sentencing Commission and the amendment applies retroactively to the defendant's sentence.[13] The Government correctly identifies none of these exceptions apply to the

---

[7] R. Doc. 865, at 1.
[8] *See* 18 U.S.C. § 3742(e) ("Upon review of the record, the court of appeals shall determine" whether there was error in the sentencing).
[9] F. R. A. P. 4(b) sets the deadline for notice of appeal at 14 days after the entry of the judgment. In this case, the Judgement and Commitment order was filed on November 19, 2014. R. Doc. 749.
[10] R. Doc. 474, at 3.
[11] R. Doc. 868, at 2.
[12] *See United States v. Lopez*, 26 F.3d 512 (5th Cir. 1994).
[13] *See* 18 U.S.C. § 3582(c).

Defendant.[14] First, the motion before the Court was filed by the Defendant herself and not the Bureau of Prisons. Second, Fed. R. Crim. P. 35 provides only for (1) corrections of arithmetical, technical or other clear error within fourteen days after sentencing; or (2) reductions for substantial assistance. Neither of these two reasons apply to Arias. With respect to the third exception, the Court's research has not revealed any retrospective amendment to the Guidelines that would apply to Arias' sentence.

As a result, Arias does not have a viable motion for a reduction of her sentence pursuant to 18 U.S.C. § 3582(c) and this Court must deny her motion for lack of jurisdiction.[15]

## **CONCLUSION**

Accordingly;

**IT IS ORDERED** that Defendant Jacqueline Arias' motion to reconsider her sentence is **DENIED**.

**New Orleans, Louisiana, this 9th day of January, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. 868, at 3.
[15] *See, e.g., United States v. Hargrove*, 54 F. App'x 796 (5th Cir. 2002).